[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
STATE OF CONNECTICUT GARY POTTS DATE OF SENTENCE APRIL 11, 1997 DATE APPLICATION FILED APRIL 24, 1997 DATE OF DECISION MARCH 26, 2002 CT Page 5287
Application for Review of Sentence imposed by the Superior Court, Judicial District of New Haven,
Docket No. CR 94-404197.
Robert O'Brien, Esq. Counsel for State.
Brian Carlow, Esq. Counsel for Petitioner.
 BY THE DIVISION
The jury returned a verdict of guilty to the crime of murder (a violation of CGS § 53a-54a) which carries a potential sentence of not less than 25 years imprisonment up to life. A "life" sentence has been defined by our legislature as 60 years incarceration. The trial court imposed a sentence of 45 years incarceration. It is this sentence petitioner seeks to have reviewed.
The jury could have found the following facts. That the petitioner was engaged in an argument with an 18 year old young lady, Tyshana King, with whom he was apparently involved romantically at the time. The petitioner threw items at Tyshana and threatened her. The petitioner obtained a knife, and in the presence of her family, stabbed Tyshana. Tyshana died from the injuries inflicted by the petitioner.
At the hearing before the Division, counsel for the petitioner represented that he knew petitioner for eight years and that it is clear that there are two sides to the petitioner. Counsel indicated his experience with the petitioner and the positive comments of those at the sentencing who dealt with the petitioner demonstrate a positive aspect of the petitioner. Counsel for petitioner indicated that after the stabbing the petitioner's actions were unique and merit consideration in that petitioner called 911 and related to police exactly what he had done and petitioner did render assistance to the victim. Counsel indicated that petitioner has at all times indicated remorse for the killing.
Counsel for petitioner related that the wound inflicted was 1/2" deep and the knife was 6" — "tells something about the nature of the incident" Counsel emphasized there was a positive aspect to the CT Page 5288 petitioner and an appropriate sentence should reflect "all parts of (the petitioner)." Counsel indicated that the law changed one month before the incident and the "truth in sentencing" legislation had taken effect which translates into longer prison stays for those convicted of crimes of violence. Counsel concluded by indicating petitioner's mother is incredibly supportive and the sentence imposed is "higher than need be."
Petitioner addressed the Division and indicated that it was painful for him to talk about the incident. Petitioner indicated that: "I know I'm wrong, cannot take back what happened. I blame me." Petitioner indicated he loved the victim, "I did not intend to take her life." Petitioner indicated that, "I'm hurting every day that I live."
Counsel for the state countered by indicating the victim's 8 year old sister witnessed the killing and suffered trauma. Counsel indicated the petitioner said he was going to kill her and he did. Counsel for the state indicated that the victim's coffin was closed because the victim was so badly beaten. Counsel for the state commented on the petitioner's background wherein he left the job corp, that petitioner was previously on probation several times, and petitioner refused to participate in family violence counseling.
Pursuant to Connecticut Practice Book § 43-23 et seq., the Sentence Review Division is limited in the scope of its review. The Division is to determine whether the sentence imposed "should be modified because it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended."
The Division is without authority to modify a sentence except in accordance with the provisions of Connecticut Practice Book § 43-28
et seq., and Connecticut General Statute § 51-94 et seq.
It is noteworthy that the defendant was found guilty of intentionally taking the life of another human being. The sentencing court reviewed carefully all that was before him. The court in its sentencing remarks had little hope for the rehabilitative aspect to sentencing:
 "It is also clear to me that this is not the kind of case that one can look to for at (sic) least hopefully for rehabilitation purposes. The defendant has had jail time. He has had probation. He has had the opportunity to utilize the family violence chances and has not done so. There has been a restraining order that went by the wayside, and the prior violence CT Page 5289 frankly concerns me, concerns me a great deal." (Transcript April 11, 1997, page 35). He contributed very little to society. Id. I think it is pretty clear that he has proven that he is a danger to society. Id., 37.
In reviewing the records as a whole, the Division finds that the sentencing court's actions were in accordance with the parameters of Connecticut Practice Book § 43-23 et seq.
The sentence imposed was neither inappropriate or disproportionate.
The sentence is AFFIRMED.
Miano, J., Klaczak, J., and Norko, J. participated in this decision.